# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS MARMOLEJOS,** | : | |
| Petitioner | : | |
| | : | CIVIL NO. 3:CV-11-1935 |
| v. | : | |
| | : | (Judge Caputo) |
| **RONNIE R. HOLT,** | : | |
| Respondent | : | |

# M E M O R A N D U M

## I.   Introduction

On October 19, 2011, Petitioner Thomas Marmolejos, an inmate formerly housed at the United States Penitentiary at Canaan (USP-Canaan),[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2]  Mr. Marmolejos asserts that the Bureau of Prisons (BOP) is relying upon "erroneous information in [his] Presentence Investigation Report (PSR or PSI)" which negatively impacts his "custody classification, redesignation (sic) programming, job placement, determination of his duration in prison ... [and that these] uncorrected errors ... may

---

[1]  Mr. Marmolejos is presently housed at FCI-Otisville, in Otisville, New York.

[2]  For the convenience of the reader of this Memorandum opinion in electronic format hyperlinks to authority cited herein have been inserted.  The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

be used against [him] to increase punishment for crimes committed while incarcerated under a recidivist statute, and although not applicable to [him] presently, any future parole determinations could be impacted by these errrors (sic) in his PSR." (Doc. 1 at ECF p. 1 and p. 14.)³ As relief, he seeks this Court to correct his PSR and direct the BOP to use the corrected PSR in making any future decisions. (*Id*. at ECF p. 15.) For the reasons that follow, the Petition will be denied.

**II. Background**

**A. Procedural History**

On November 27, 2001, Mr. Marmolejos pled not guilty in the United States District Court for the Southern District of New York to the following eight counts: (1) conspiracy to commit robbery and extortion, *see* 18 U.S.C. § 1951; (2) conspiracy to commit murder-for-hire, *see* 18 U.S.C. § 1958; (3) substantive murder-for-hire, *see* 18 U.S.C. § 1958; (4) conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin, *see* 21 U.S.C. § 846; (5) murder while engaged in a major drug conspiracy, *see* 21 U.S.C. § 848(e)(1)(A); (6) using and carrying firearms in relation to crimes of violence, *see* 18 U.S.C. § 924(c); (7) murder in the course of a § 924(c) violation, *see* 18 U.S.C. § 924(j); and (8) possession of a firearm with an obliterated serial number, *see* 18 U.S.C. §922(k). *Marmolejas v.*

---

³ Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (ECF) rather than the page numbers of the original documents.

*U.S.*, No. 05CV10693, 2010 WL 3452386, at *2 (S.D. N.Y. Sept. 2, 2010).[4] The trial against Mr. Marmolejos and his co-defendant (Mr. Gomez) commenced on January 14, 2002. On February 1, 2002, the jury found Mr. Marmolejos guilty of all eight counts. (*Id*.) However, on July 25, 2002, the trial judge vacated the jury's guilty verdict as to Count Five, murder while engaged in a major drug conspiracy. The trial court held that the jury's verdict as to Count 5 was inconsistent with its finding as to Count Four, i.e., that the Government failed to prove Marmolejas knew the conspiracy involved a kilogram or more of heroin. Consequently, Mr. Marmolejos was acquitted of Count Five. *United States. V. Gomez*, 210 F. Supp.2d 465, 479 (S.D. N.Y. 2002). "On September 19, 2002, Marmolejas was sentenced on Counts One, Two, Three, Four, Six, Seven and Eight to life imprisonment, followed by a consecutive ten-year term and three years' supervised release, and $700 in special assessments." *Marmolejas*, supra, 2010 WL 3452386, at *2.

On September 25, 2002, Mr. Marmolejos filed a direct appeal. The United States Court of Appeals for the Second Circuit denied relief on all grounds and affirmed his conviction and sentence on October 27, 2004. *See U.S. v. Marmolejas*, 112 Fed. Appx. 779 (2d Cir. 2004). On October 3, 2005, the United States Supreme Court denied certiorari. *See Gomez v. U.S.*, 546 U.S. 868, 126 S.Ct. 156, 163 L.Ed.2d 156 (2005).

---

[4] Mr. Marmolejos' trial and appellate records reflect a different spelling of his name than presented in this petition (Marmolejas/Marmolejos.) For consistency, however, unless used in a citation, the Court will spell Marmolejos' name as reflected in his present petition.

-3-

On December 12, 2005, Mr. Marmolejos sought to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, citing three grounds of ineffective assistance of counsel under the Sixth Amendment of the United States Constitution. *See Marmolejas v. U.S.*, Nos. 05 Civ. 10693(DC), 99 Cr. 1048(DC), 2006 WL 2642130 (S.D.N.Y. Sept. 15, 2006). After a merits review, the motion was denied on September 15, 2006. *See Marmolejas*, *supra*, 2006 WL 2642130. On May 16, 2007, the Second Circuit Court of Appeals denied Mr. Marmolejos' application for a certificate of appealability. *Marmolejas*, *supra*, 2010 WL 3452386, at *3. The Supreme Court denied Mr. Marmolejos' petition for writ of certiorari on October 9, 2007. *See Marmolejas v. U.S.,* 552 U.S. 960, 128 S.Ct. 399, 169 L.Ed.2d 281 (2007).

Mr. Marmolejos then filed a motion to set aside a void judgment pursuant to Fed. R. Civ. P. 60(b)(4). *Marmolejas, supra*, 2010 WL 3452386, at *3. The trial court denied the motion on November 13, 2006. (*Id.*) On June 23, 2008, the Second Circuit Court of Appeals denied Mr. Marmolejos a certificate of appealability. (*Id*.) The Supreme Court denied his Petition for Writ of Certiorari on December 15, 2008. *See Marmolejos v. U.S.*, 555 U.S. 1089, 129 S.Ct. 774, 172 L.Ed.2d 762 (2008).

Mr. Marmolejos filed a petition for writ of habeas corpus with the Supreme Court on December 4, 2007. The Supreme Court denied the petition on January 14, 2008. *See In re Mr. Marmolejos*, 552 U.S. 1139, 128 S.Ct. 1109, 169 L.Ed.2d 840 (2008). The Supreme Court also denied Mr. Marmolejos' petition for rehearing on

February 25, 2008.  *See In re Mr. Marmolejos*, 552 U.S. 1240, 128 S.Ct. 1470, 170 L.Ed.2d 293 (2008).

On March 21, 2008, Mr. Marmolejos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky challenging his conviction under the Fifth Amendment.[5] *Marmolejos v. Mukasey*, Civ. Action No. 7:08-CV-59-KKC, 2008 WL 1776593 (E.D. KY 2008.)  The district court denied his petition as lacking in merit and redundant to a claim raised in, and rejected by, the trial court.  (*Id*. at *4.)

On May 26, 2009, Mr. Marmolejos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court, alleging he was actually innocent of the murder-for-hire charge and that there was insufficient evidence to convict him of murder-for-hire.  We denied the petition noting that Mr. Marmolejos could not advance his claims in a § 2241 petition as it fell within the purview of § 2255.  We advised Mr. Marmolejos' only potential avenue for relief was to file a motion in the United States Court of Appeals for the Second Circuit seeking an order authorizing the sentencing court to consider a second of successive motion under 28 U.S.C. § 2255.  *Marmolejos v. Holder*, No. 09-CV-0988 (M.D. Pa. Jul. 29, 2009).  On December 23, 2009, the Third Circuit Court of Appeals denied Marmolejos' appeal.  *Marmolejos v. Holder*, 358 F. App'x 289 (3d Cir. 2009).

---

[5]  At the time of filing his petition, Mr. Marmolejos was confined in the United States Penitentiary-Big Sandy, in Inez, Kentucky.  *See Mr. Marmolejos v. Mukasey*, 2008 WL 1776593 (E.D. KY 2008)(slip op.)

Not to be deterred, on May 24, 2010, Mr. Marmolejos filed a motion for relief from final judgment or order pursuant to Fed. R. Civ. P. 60(b)(4), 60(d)(1), and 60(d)(3) on the grounds that the 2006 denial of his § 2255 filed in 2005 was defective. *Marmolejas v. U.S.*, No. 05CV10693, 2010 WL 3452386, at *2 (S.D. N.Y. Sept. 2, 2010). On September 2, 2010, the sentencing court denied the motion. (*Id.*)

Most recently, on November 14, 2012, Mr. Marmolejos filed a Motion to Amend/Correct Clerical Error pursuant to Fed. R. Civ. P. 36. *See Marmolejos v. United States*, 1:99-cr-1048-DC-3 (S.D.N.Y.)(docket sheet).

### B. Allegations of the Present Petition

On June 6, 2002, prior to Mr. Marmolejos' sentencing, a United States Probation Officer (USPO) from the United States District Court for the Southern District of New York submitted a PSR "employing the 2001 edition of the United States Sentencing Guidelines (USSG)". (Doc. 2, Br. in Supp. Pet. for Habeas Corpus at ECF p. 6; Doc. 3, PSR at ECF pp. 16-19.) At the time of sentencing, the trial judge acquitted Mr. Marmolejos of Count 5, murder while engaged in a major drug conspiracy, *see* 21 U.S.C. § 848(e)(1)(A). (Doc. 3, Portion of Sentencing Tr. at ECF p. 25.) The trial court directed that the PSR be amended to reflect Mr. Marmolejos' acquittal of Count 5. (*Id*. at ECF pp. 25-26.) The sentencing court stated it was "adopting the findings set forth in both PSR except as corrected today, including the offense levels determination and the Criminal History Category

-6-

determinations." (*Id.* at ECF p. 29.)

Mr. Marmolejos' claim is two fold. First, he contends that the parole office erroneously applied the 2001 edition of the United States Sentencing Guidelines (Guidelines) rather than th 1997 edition which was in effect when he committed his offenses. (Doc. 2.) Next, he claims that the sentencing court's amendments to the PSR are not reflected in the PSR, specifically that Count Five was dismissed. (*Id.* at ECF p. 12.) As a result of these errors, Mr. Marmolejos contends his "PSR is improper, resulting in the erroneous calculation of the duration of his confinement and depriving him of his liberty interest in violation of his due process right." (Doc. 1.) He seeks his PSR corrected and that the BOP make all decisions relative to him based on the new PSR.

### C. The BOP Efforts to Verify Mr. Marmolejos' PSR

When a federal inmate challenges the accuracy of information in his Inmate Central File, his Unit Team "shall take reasonable steps to ensure the accuracy of the challenged information, particularly when that information is capable of being verified." P.S. 5800.11, *Inmate Central File, Privacy Folder, and Parole Mini-Files*. (Doc. 12-1, Resp't Exs., Herbin-Smith Decl. at ECF p. 1; *see also* Doc. 12-3, Resp't Exs. at ECF p. 32.) When an inmate challenges information in his PSR, BOP staff "should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. **USPO procedures, however, do not allow for changes or addendums to be made to**

**the Presentence Investigative Report after sentencing since it is a court document.**" (Doc. 12-3 at ECF p. 32)(emphasis in the original).

On January 24, 2010, Mr. Marmolejos wrote to his Unit Team challenging the accuracy of his PSR. (Doc. 12-2, Resp't Exs. at ECF p. 31.) Specifically, he alleges that the PSR erroneously cross references U.S.S.G. § 2A1.1, which refers to 18 U.S.C. §§ 1111, 1841(a)(2), 2133(e), 2188(c)(2), 2332b(a)(1), 2340A, or 21 U.S.C. § 848(e), crimes he was never charged nor convicted. He asserts any reference to U.S.S.G. § 2A1.1 in his PSR is in error. Asserting that the BOP's reliance on the inaccurate PSR affects his custody classification scoring, designation, as well as the length of his sentence, he requested the Unit Team bring this issue to the attention of the USPO for correction. (*Id.*)

On February 1, 2010, the BOP forwarded Mr. Marmolejos' letter to the supervisory probation officer for the Southern District of New York seeking written verification of the accuracy of his PSR. (Doc. 12-3 at ECF pp. 2-3.) On March 19, 2010, a Senior USPO for the Southern District of New York responded that the Statutory Provisions referenced in U.S.S.G. § 2A1.1 included additional statutory provisions, in addition to those cited by Mr. Marmolejos, as set forth in Appendix A (Statutory Index). *See* Doc. 3 at ECF pp. 34-35 and Doc. 12-3 at ECF pp. 5-6. The Senior USPO noted that out of the eight criminal counts Mr. Marmolejos was convicted of, "[t]wo of these counts were for Intentional Murder While Engaged in a Major Drug Conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) [(Count 5)], and Murder in the Course of Using and Carrying a Firearm, in violation of 18 U.S.C. §

924(j) [(Count 7)]."  (Doc. 12-3 at ECF pp. 37-38.)  The probation officer further explained:

> As indicated in Appendix A (Statutory Index), both of these counts clearly reference the application of § 2A1.1. A review of the presentence report reveals that it is accurate and no revisions have been made to the report. Additionally, revisions to a presentence report post-sentencing must be ordered by the sentencing judge.

(*Id*. at ECF p. 36.)

On April 12, 2010, Mr. Marmolejos notified his Unit Team in writing that the March 19, 2010, response from the USPO was incorrect because his conviction for Intentional Murder While Engaged in a Major Drug Conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) (Count 5), was vacated by the sentencing judge with the instruction that the PSR be corrected.  (Doc. 12-3 at ECF pp. 8-11.)  He also argued that the USP applied the wrong version of the Guidelines to his case.  (*Id*.)

Dissatisfied by the result of the Southern District of New York's Senior USPO, on April 13, 2010, Mr. Marmolejos attempted to informally resolve the issue of the BOP's continued reliance on an erroneous PSR via the BOP's Administrative Remedy Program.  (Doc. 3 at ECF pp. 3-7.)  At final review Mr. Marmolejos was advised that "[t]he Bureau of Prisons has taken reasonable steps to ensure that the challenged information is accurate, however, it does not have the authority to make changes to your PSR."  (Doc. 3 at ECF p. 15.)  With respect to the calculation of his sentence, he was advised that the BOP "does not have the authority to review your conviction and cannot make changes to the sentence imposed unless an amended Judgement and Commitment Order is received from the appropriate court.  We

-9-

encourage you to consult with the sentencing court to address any concerns or questions regarding your sentence." (*Id.*)

**III.     Discussion**

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 1840-41, 36 L.Ed.2d 439 (1973). A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined whereas a 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence. *See In re Nwanze*, 242 F.3d 521, 523 (3d Cir. 2001). When a defendant is challenging his conviction and sentence, and not the execution thereof, such challenges must be brought pursuant to § 2255 unless this "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F. 3d 245, 249-51 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). This "safety valve" was intended to be extremely narrow and applied only in rare circumstances, and not intended to allow prisoners to evade procedural requirements. *Id.* at 539; *Dorsainvil*, 119 F.3d at 248–49. "Section 2255 is not

-10-

inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539.[6]  Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re Dorsainvil*, 119 F.3d at 251).  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007) (nonprecedential).

As an initial matter, this Court must resolve is whether Mr. Marmolejos presents a claim challenging "the execution of his sentence."  If he does not, this Court does not have habeas jurisdiction over his claim.  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-43 (2005).  Applying the above applicable legal principles, and an examination of the relief Mr. Marmolejos requests, the Court holds that Mr. Marmolejos' characterization of his claim as a challenge to the execution of his sentence, rather than an attempt to correct his sentence, is untenable.

---

[6] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless certain requirements are met.  Mr. Marmolejos has already had a section 2255 motion adjudicated.  The Court is unaware of Mr. Marmolejos' efforts to file a motion in the United States Court of Appeals for the Second Circuit seeking an order authorizing the sentencing court to consider a second of successive motion under 28 U.S.C. § 2255.

Mr. Marmolejos challenges the BOP's reliance on the information in his PSR that is used to determine his custody classification and security level, however neither affects the duration of his legally imposed sentence. Additionally, he fails to state how the BOP's use of the PSR has extended the length of his legally imposed sentence. Moreover, once Mr. Marmolejos questioned the accuracy of his PSR, a court document the BOP does not have the legal authority to amend, the BOP contacted the USPO in the Southern District of New York to verify its accuracy. Once the USPO confirmed the accuracy of the PSR, the BOP cannot be faulted for relying on the verified PSR. Under these circumstances, the BOP followed appropriate policy and did not abuse its discretion when it relies upon Mr. Marmolejos' PSR in making decisions related to his classification and security matters.

Furthermore, if as Mr. Marmolejos suggests, the BOP is enforcing an allegedly erroneous sentence due to his acquittal of Count 5 and the USPO's use of the incorrect Guidelines, the relief he seeks underscores the fact that he is truly seeking the correction of sentencing errors, and not the execution of his sentence. A § 2255 motion is the appropriate and exclusive mechanism for seeking federal judicial review, not § 2241, to alter or amend his PSR. *See U.S. v. Ballard*, 855 F.Supp.2d 406, 414 (E.D. Pa. 2012)(challenge to adverse information in PSR must be pursued through a habeas motion under § 2255); *see also Bowens v. U.S.*, 3:CV-10-1575, 2011 WL 5520531, *3 (M.D. Pa. Nov. 14, 2011)("Regardless of how Petition labels his pending PSR related claim, it clearly questions the legality of his federal sentence ... [and must be pursued by way of] § 2255."); *see also, Lester v.*

*Ebbert*, Civ. No. 1:12-CV-140, 2012 WL 3062236, *3 (M.D. Pa. Jun. 27 2012), *report and recommendation adopted by*, 2012 WL 3062179 (M.D. Pa. Jul. 26, 2012) (federal inmate's challenge "to conditions of confinement, i.e. his BOP security level designation and the restrictions placed up his activities and confinement, and not the legality of his detention or the sentence," do not state a cognizable § 2241 claim.) The fact that Mr. Marmolejos has previously filed an unsuccessful § 2255 petition does not alter our finding as to the unavailability of § 2241 to challenge the accuracy of his PSR. Consequently, he must file a motion in the United States Court of Appeals for the Second Circuit seeking an order authorizing the District Court to consider a second or successive motion under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244, 2255. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective."

    An appropriate Order follows.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**

**Date: December 21, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS MARMOLEJOS,

    Petitioner

v.

RONNIE R. HOLT,

    Respondent

CIVIL NO. 3:CV-11-1935

(Judge Caputo)

# O R D E R

**AND NOW,** this **21st** day of **DECEMBER, 2012,** for the reasons set forth in the accompanying memorandum, it is ordered that:

1. The Petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) is **DENIED.**

2. The Clerk of Court is directed to close this file.

                                               **/s/ A. Richard Caputo**
                                               **A. RICHARD CAPUTO**
                                               **United States District Judge**